**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTONIO PENN,

    Plaintiff,

v.                                                                Case No. 8:26-cv-1547-JLB-AAS

SUPERVISOR JUDGE, *et al.*,

    Defendants.

_____/

## ORDER

    Antonio Penn, a Florida pre-trial detainee, brings a civil rights complaint under 42 U.S.C. § 1983.   (Doc. 1).   Upon consideration, Mr. Penn's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## I. Introduction

    The Court must screen Mr. Penn's complaint.   *See* 28 U.S.C. § 1915A (requiring a district court to screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief").

    Mr. Penn names five defendants involved in his state court criminal proceedings in Polk County, Florida: the judge presiding over the case; the state

prosecutor; Grady Judd, the Sheriff of Polk County; the State of Florida; and the "Secretary of Security for the State of Florida."   (Doc. 1 at 6–7, 8–9, 11–12).   Mr. Penn asserts that: 1) the trial judge and prosecutor a) are acting without jurisdiction because the amount allegedly stolen exceeds $9 million and there is no evidence that he committed a crime; and b) set an unreasonable bond (*id.* at 8–10); 2) Sheriff Judd gave false statements under oath about Mr. Penn committing fraud (*id.* at 11); and 3) the State of Florida and the "Secretary of Security" for Florida have failed to supervise the Polk County courts and law enforcement, leading to numerous false arrests.   (*Id.* at 11–12).

Mr. Penn alleges violations of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and other "acts" and "laws" ("Arm Kidnapping Act"; "Perjury Act"; "Policy Procedure Laws").   (*Id.* at 8). He seeks $500,000,000.00 in damages against each defendant, immediate release from detainment, appointment of counsel, and criminal charges brought against each defendant.   (*Id.* at 10).

## II. Standard of Review

Under 28 U.S.C. § 1915A, this Court must review all civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.   Section 1915A(b) provides, in relevant part:

(b) On review, the court shall identify cognizable claims or dismiss the

complaint, or any portion of the complaint if the complaint-

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Neitzke*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The Court may dismiss a complaint under Rule 12(b)(6) if it fails to contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In reviewing whether a plaintiff has stated a claim, the Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them in the plaintiff's favor. *Gissendaner v. Commissioner, Ga. Dep't of Corr.*, 803 F.3d 565, 578 (11th Cir. 2015). And while the Court holds *pro se* pleadings to a less

3

stringent standard than pleadings drafted by lawyers, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (internal quotation marks and citation omitted).

## III. Analysis

The complaint is subject to dismissal for failure to state a claim upon which relief may be granted.   Because Mr. Penn's allegations against the trial judge relate to judicial actions taken during Mr. Penn's criminal court case, the judge is immune, and the claims against the judge must be dismissed.

"A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018) (citations omitted).   The Eleventh Circuit has stated four factors for courts to consider in determining whether the nature and function of a judge's acts are judicial:

> (1) the precise act complained of is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity.

*Id.* at 1331 (quoting *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985)).

Provided the judge's acts are judicial, immunity applies "regardless of whether [the

4

judge] made a mistake, acted maliciously, or exceeded his authority." *Id.* (citation omitted).

Applying the four factors stated by the Eleventh Circuit to Mr. Penn's allegations against the state court judge, the Court concludes the judge's actions are judicial. *See id.* Mr. Penn's allegations all concern a case pending before the judge, constitute normal judicial functions in conducting that case, relate to actions taken within the judge's chambers or courtroom, and involve the need of Mr. Penn to appear before the judge in her official capacity. The judge is, therefore, immune from this action.

Next, the prosecutor is also entitled to immunity. Prosecutors are "absolutely immune from liability in § 1983 lawsuits" for "prosecutorial actions that are intimately associated with the judicial phase of the criminal process." V*an de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009). "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Rehberg v. Paulk*, 611 F.3d 828, 838 (11th Cir. 2010) (quoting *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999)). This prosecutorial immunity applies even when, as here, a prosecutor is alleged to have committed misconduct in her role as a prosecutor. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279-80 (11th Cir. 2002). Thus, Mr. Penn's claim against the state prosecutor is due to be dismissed because the prosecutor is immune from suit.

Mr. Penn's claims against the State of Florida and the "Secretary of Security for the State of Florida"[1] are barred by Eleventh Amendment immunity. The Eleventh Amendment generally bars suits for damages by an individual against a state, its agencies, and its employees, unless Congress has abrogated the state's sovereign immunity, or the state has consented to suit. *Schultz v. Alabama*, 42 F.4th 1298, 1314 (11th Cir. 2022). Florida has not consented to be sued under section 1983, and Congress has not abrogated a state's immunity from section 1983 liability. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986) ("Florida has not waived its Eleventh Amendment immunity [in federal civil rights actions.]"); *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) ("Congress has not abrogated eleventh amendment immunity in section 1983 cases."). Therefore, the claims against the State of Florida and the "Secretary of Security" must be dismissed.

Mr. Penn alleges that Sheriff Judd made false statements to support the charges against him. (Doc. 1 at 11). This allegation asserts a claim for malicious prosecution. *See Williams v. Aguirre*, 965 F.3d 1147, 1167 (11th Cir. 2020) (Where "officers intentionally provided materially false statements to support the arrest warrant that justified at least part of [the] seizure . . ., such false statements would

---

[1] The Court is not aware of any official position in the state of Florida government with the title "Secretary of Security."

be enough to establish a claim of malicious prosecution.").    However, a cause of action for malicious prosecution accrues when the criminal proceedings have resolved in the plaintiff's favor.    *McDonough v. Smith*, 588 U.S. 109, 116 (2019). Thus, since Mr. Penn has not shown that the criminal charges pending against him have terminated in his favor, any claim for malicious prosecution has not yet accrued and must be dismissed without prejudice.

Finally, to the extent Mr. Penn seeks release from detainment and criminal charges against Defendants (Doc. 1 at 10), he cannot seek release from custody in a 42 U.S.C. § 1983 complaint.    Where, as here, the relief sought by a detainee is a judicial determination that he is entitled to a speedier (or immediate) release from custody, the detainee's federal remedy is through a writ of habeas corpus, not a section 1983 complaint.    *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when a prisoner challenges the fact or duration of his confinement, and the relief sought is release, his sole federal remedy is a writ of habeas corpus); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (finding that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser*, 411 U.S. at 489).    And Mr. Penn has no standing to seek the criminal prosecution of any defendant.    *See Linda R.S. v. Richard C.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Accordingly, it is **ORDERED** that:

1. The complaint (Doc. 1) is dismissed, without prejudice, for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A.

2.  The Clerk must enter judgment against Mr. Penn and close the case.

**DONE and ORDERED in Tampa, Florida, on May 29, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

8